UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED - GR
June 27, 2022 12:47 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JJM  SCANNED BY: KB / 6/28

1:22-cv-587
Jane M. Beckering - U.S. District Judge

IN THE MATTER OF: MARSHA SHELNEAL COX

(UNDERLYING CASE TO BE TITLED:

MARSHA SHELNEAL COX

    Plaintiff,

Case Number:_____
Honorable_____

v.

SKLD BELTLINE; CRAIG SUNDAT-EXECUTIVE
DIRECTOR; DEBORAH HUDSON-DIRECTOR OF
NURSING,

    Defendants.

_____/

REQUEST (MOTION) FOR DECLARATORY JUDGMENT
USCS FED RULES CIV PROC R 57

PREFACE (NOTE)

    These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. sec. 2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action. (Another remedy will be filed "Complaint for Employment Discrimination" which is awaiting letter from EEOC giving a right to sue). The underlying (other remedy will be brought under Title VII and ELCRA.

    The fact that a declaratory judgment may be granted "whether or not further relief is or could be prayed" indicates that declaratory relief is alternative or cumulative and not exclusive or extraordinary,

A declaratory judgment is appropriate when it will "terminate the controversy" giving rise to the proceeding. Inasmuch as it often involves only an issue of law on undisputed or relatively undisputed facts, it operates frequently as a summary proceeding, justifying docketing the case for early hearing as on a motion, as provided for in California (Code Civ. Proc. (Deering, 1937) sec. 1062a), Michigan (3 Comp. Laws (1929) sec. 13904), and Kentucky (Codes (Carroll, 1932) Civ. Pract. Sec. 639a-3).

The "controversy" must necessarily be "of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts." Ashwander v Tennessee Valley Authority, 297 U.S. 288, 325, 56 S. Ct. 466, 473, 80 L.Ed. 688, 699 (1936). The existance or nonexistence of any right, duty, power, liability, privilege, disability, or immunity or any fact upon which such legal relations depend, or of a status, may be declared. The petitioner must have a practical interest in the declaration sought and all parties having an interest therein or adversely affected must be made parties or be cited. A declaration may not be rendered if a special statutory proceeding has been provided for the adjudication of some special type of case, but general ordinary or extraordinary legal remedies, whether regulated by statute or not, are not deemed special statutory proceedings.

When declaratory relief will not be effective in settling the controversy, the court may decline to grant it. But the fact that another remedy would be equally effective affords no ground for declining declaratory relief. The demand for relief shall state with precision the declaratory judgment desired, to which may be joined a demand for coercive relief, cumulatively or in the alternative; but when coercive relief only is sought but is deemed ungrantable or inappropriate, the court may sua sponte, if it serves a useful purpose, grant instead a declaration of rights. Hasselbring v Koepke, 263 Mich. 466, 248 N.W. 869, 93 A.L.R. 1170 (1933). Written instruments, including ordinances and statutes, may be construed before or after breach at the petition of a properly interested party, process being served on the private parties or public officials interested. In other respects the Uniform Declaratory Judgment Act affords a guide to the scope and function of the federal act. CompareAetna Life Insurance Co. vHaworth, 300 U.S. 227, 57 S. Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000 (1937);

Nashville, Chattanooga & St. Louis Ry. V Wallace, 288 U.S. 249, 53 S. Ct. 345, 77 L.Ed. 730, 87 A.L.R. 1191 (1933); Gully. TaxCollector v Interstate Natural Gas Co., 82 F. 2d145 (5th Cir. 1936); Ohio Casualty Ins. Co. v Plummer, 13 F. Supp. 169 (S.D. Tex. 1935). Borchard, Declaratory Judgments (1934), passim.

## JURISDICTION

This court can entertain, act upon and decide this demand/petition (and/or motion) for declaratory judgment pursuant to USCS Fed Rules Civ Proc R 57; 28 U.S.C. sec. 2201. The motion, demand and/or petitioner can proceed whether or not any further adequate remedy is avaikable and this declaratory judgment would in actuality (and essentially) settle the controversy.

The action would declare this petitioner/movant (and interested party's) legal rights and other legal relations.

There is another adequate legal remedy available ("Complaint for Employment Discrimination") that will be pursued as soon as the EEOC issues its Letter of Right to Sue when it completes its review of the complaint before them.

This interested party is also considering a Complaint for Violation of Fair Labor Standards codified in 29 U.S.C. secs. 201 to 209. Also a Civil Rights action under 42 U.S.C. sec. 1983.

RELEVANT PARTIES

Petitioner/Movant/Interested Party: Marsha Shelneal Cox (Former Employee)
2707 32nd Street S.E.
Grand Rapids, MI 49512
616-617 1024

Respondent/Defendant in underlying action: Craig Sunday, Executive Director
SKLD Beltline
2320 East Beltline S.E.
Grand Rapids, MI 49546

Respondent/Defendant in underlying action: Deborah Hudson, Director of Nursing
SKLD Beltline
2320 East Beltline S.E.
Grand Rapids, MI 49546

Respondent/Defendant in underlying action: SKLD Beltline
2320 East Beltline S.E.
Grand Rapids, MI 49546

NOTE; RESPONDENTS/INTERESTED PARTIES HEREIN WILL BE NAMED AS DEFENDANTS IN THE UNDERLYING CIVIL ACTIONS(COMPLAINT FOR EMPLOYMENT DISCRIMINATION TITLE VII 42 U.S.C. SECS 2000e to 2000e-17 AND ELCRA, ALSO 42 U.S.C.SEC. 1983. THOSE FURTHER REMEDIES ARE NO BAR TO THE ISSUANCE OF A DECLARATORY JUDGMENT, 28 U.S.C. SEC. 2201.

FACTS AND STATEMENT:

This declaratory judgment action surrounds the declaration of rights and other legal relatiions. Wrongful termination of employment rooted in retaliation is a recognized violation of rights, see infra.

In General, most of the antidiscrimination statutes, including Title VII and ELCRA, contain anti retaliation provisions making it illegal for employers to discriminate or retaliate against employees for having opposed a discriminatory practice. In both discriminatory harassment lawsuits and other suits alleging employment discrimination. Plaintiffs are increasingly joining claims of retaliation to their discrimination complaints. Charges of retaliation brought before the EEOC have also increased in recent years. Adverse Action, see Burlington N & Santa Fe Ry v White, 548 U.S. 53 (2006), see also Kuhn v Washtenaw County, 709 F.3rd 612 (6th Cir. 2013). These provisions cited herein affords the employee protection when engaged in a recognized activity such as his/her exercise of the First Amendment to grieve a violation through recognized grievance procedures and policies.

On 01/19/2022, Petitioner/Plaintiff/Movant Ms. Marsha Cox (hereinafter "Ms. Cox") was hired by SKLD Beltline and employment commenced immediately. No orientation was provided nor was

an Employee Handbook provided. Shortly after Ms. Cox started heer position, Respondent Deborah Hudson (hereinafter "Ms. Hudson") was hired as Director of Nursing, becoming Ms. Cox's supervisor. (SKLD was experiencing work backlogs aas many other companies were due to the COVID-19 pandemic).

Ms. Cox was performing her duties without complaint. Then on 04/06/2022, an encounter took between Ms. Cox and Ms. Hudson when Ms. Hudson burst into Ms. Cox's office to complaint about an alleged problem with the daily schedule, (Ms. Cox had been doing the schedule as instructed), but apparently someone in the front office called Ms. Hudson on the carpet about the schedule. (Supposedly the schedule format from Ms. Cox's station was not compatible with Ms. Hudson's station). Ms. Hudson came in with a loud voice beating her fist together, quite intimidating and offensive towards Ms. Cox. Immediately after the encounter Ms. Cox lodged a complaint with Human Resources against Ms. Hudson.

Human Resources (HR) apparently informed Ms. Hudson of the complaint made by Ms. Cox because on m04/08/2022, Ms. Hudson wrote Ms. Cox up. That write up did not address any work evaluation/performance issues of any legitimate nature. Ms. Hudson had confronted Ms. Cox in an angry manner, loud voice and banging her fists together which prompted the complaint to HR. Just two (2) days after HR informed Ms. Hudson of the complaint, the write up resulted.

On 04/15/2022, Ms. Hudson (SKLD and Craig Sunday) terminated Ms. Cox's employment. No indications of bad work performance or termination possibilities came up prior to the complaints made by Ms. Cox against Ms. Hudson. Just two (2) days after the complaint Ms. Hudson put employment termination in the works.

This is not exhaustive of all the pertinent/relevant facts in this wrongful termination matter, just the facts bearing on this declaratory judgment. What was not in accordance with at-will provisions.

What happened in the instant matter was a wrongful termination that found its roots in retaliation. Ms. Cox exercised her First Amendment right to grieve a violation of her rights both in employment and personal (Civil Rights violation occurred as well). Immediately after that exercise of her rights she was written up and terminated. The termination of the employment relationship was not in accordance with the recognized "at-will" provisions that govern the employment relationship. Moreover, the termination had both racial overtones and undertones. Ms. Hudson, the white Director of Nursing would never have burst in a white employee's office with such aggressiveness. Such only occurred because Ms. Cox was an afro-american employee.

Inspite of what the employer believes or contends severing the employment relationship is no longer an event; it is a process. Ending the employment relationship is a complicated unraveling of the bilateral entanglements of the employment contract.

Historically, ending the employment relationship was a single, definitive occurrence; it required little more than the employer's declaration that the employment relationship was at an end. See, e.g., Hawthorne v Metropolitan Life Ins. Co, 285 Mich 329; 280 NW 777 (1938); see also Lynas v Maxwell Farms, 279 Mich 684, 687; 273 NW 315 (1937)(under Michigan law, contract for permanent employment is contract terminable with or without cause by either party at any time). Today, employers must implement strategic termination plans if they wish to close the employment relationship without the uncertainties and expense of wrongful discharge claims and ensuring litigation. See Employer's Guide to Successful terminations (Quinlan Publishing Group, 2001).

Our modern legal environment invites challenges to employer discretion in the termination process. See Renny v Port Huron Hosp., 427 Mich 415; 398 NW2d 327 (1986); Toussaint v Blue Cross & Blue Shield, 408 Mich 579; 292 NW2d 880 (1980). In effect, employers are often viewed as de facto fiduciaries of employee rights. See, e.g., Toussaint; Biggs v Hilton Hotel Corp, 194 Mich App 239; 486 NW2d 61 (1992).

In unilateral employer-driven terminations, the employer's objective is to convert from a complex

contractual entanglement to two freestanding units without residual conflict or indeterminate costs and expenses. In these cases, the reason for termination usually falls within one of two broad categories: unsatisfactory performance or employee misconduct. Neither one of these categories apply in the instant matter. The employer herein acted in the smoke of retaliation. The employer's actions should be based on an "honest belief" of employee's performance shortfalls or misconduct. See, e.g., Blizzard v Marion Tech Coll, 698 F3d 275 (6th Cir. 2012); Tingle v Arbors at Hilliard, 692 F3d 523 (6th Cir. 2012). This matter did not present any legitimate reasons for termination. Ms. Cox made a complaint to HR on her supervisor and was subsequently terminated for that First Amendment exercise/expression. The employer in this present matter cannot divorce itself from the clear act of retaliation. Neither bad performance or misconduct occurred in this matter. Whatever degree of employee fault, the employer must view the severance of the employment relationship as a series of steps designed to bring about a tailored result. Here, the new supervisor (Director of Nursing) acted inappropriately towards Ms. Cox and Ms. Cox made a complaint with Human Resources (a procedure that is standard at SKLD for grievances). We must note that making/filing grievances is a well-settled First Amendment right.

This is not an employee "quit" situation, see Vanzutphen v Guardian Alarm Co. No. 135056 (Mich Ct. App Dec. 29, 1992)(unpublished). This was a "termination." Termination, in contrast, is an involuntary severance of the employment relationship, usually with notice of intent to sever the relationship. No such notice of intent was made or given in the present case.

Even in an employee quit situation the employer is not necessarily protected from a wrongful discharge claim. If an employee is able to show constructive discharge, then a resignation will be treated as a termination. Jacobson v Parda Fed Credit Union, 457 Mich 318; 577 NW2d 881 (1998), overruled in part on other grounds by Joliet v Pitoniak, 475 Mich 30; 715 NW2d 60 (2006). Of

course, we don not have a quit or resignation situation here. What we have is a wrongful termination rooted in retaliation.

Neither is this a case of failed expections or gradual erosion of the employment relationship. The termination herein was completely retaliatory.

RELIEF SOUGHT:

WHEREFORE, Marsha Cox, Petitioner/Plaintiff/ Interested Party, respectfully moves this Honorable Court pursuant to USCS Fed Rules Civ Proc R 57, to issue a declaratory judgment declaring her legal rights and other legal relations under Title VII and the ELCRA where said statutes contain retaliation provisions and how they protect me under said provisions.

Such further relief that may be deemed appropriate.

Respectfully submitted,

Dated: 06/21/2022

x /s/ Marsha Cox
Marsha Cox
Petitioner/Plaintiff/Interested Party
2707 32nd Street S.E.
Grand Rapids, MI 49512

The undersigned declares that the foregoing is true and correct under the penalty of perjury.

Dated: 06/22/2022

/s/ Marsha Cox
Marsha Cox



Marsha Cox
2707   32nd St. S.E.
Grand Rapids, MI 49512

Office o[f]
United Stat[es]
110 Michig[an]
Grand Rapi[ds]