UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHA SHELNEAL COX,

    Plaintiff,

v.                                                 Hon. Jane M. Beckering

SKLD BELTLINE, CRAIG SUNDAY,          Case No. 1:22-cv-587
and DEBORAH HUDSON,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, proceeding pro se, filed her complaint in this action on June 27, 2022, for a declaratory judgment against Defendants SKLD Beltline, Craig Sunday, and Deborah Hudson, in connection with the termination of her employment with SKLD on April 15, 2022. On June 28, 2022, I issued an order directing Plaintiff to file the updated form Application to Proceed *In Forma Pauperis* within seven days from entry of the order. (ECF No. 5.) Because Plaintiff failed to file the form with the prescribed time, her action is subject to dismissal for lack of prosecution and/or failure to comply with the June 28, 2022 Order. Fed. R. Civ. P. 41(b); W.D. Mich. LCivR 41.1. Notwithstanding this ground, Plaintiff's complaint is subject to dismissal without prejudice for the more fundamental reason that the Court lacks jurisdiction under Article III because Plaintiff does not have standing to seek a declaratory judgment.

    Plaintiff alleges that SKLD Beltline hired her on January 19, 2022, and that she received no orientation or an employee handbook at the time she was hired. Subsequently, Defendant SKLD Beltline hired Defendant Hudson as Director of Nursing, who became Plaintiff's supervisor. On April 6, 2022, Hudson confronted Plaintiff about a scheduling issue. According to Plaintiff, during

this encounter, Hudson entered Plaintiff's office or work area using "a loud voice[,] beating her fists together, [and was] quite intimidating and offensive toward [Plaintiff]." (ECF No. 1 at PageID.5.) Immediately thereafter, Plaintiff lodged a complaint against Hudson with the Human Resources Department. Subsequently, Hudson wrote Plaintiff up for a performance issue. On April 15, 2022, Hudson and Defendant Sunday terminated Plaintiff's employment. Plaintiff alleges that she had not received prior indications that her work performance had been bad or that termination was a possibility. (*Id.*) Plaintiff alleges that Hudson engaged in unlawful retaliation and racial discrimination.

Plaintiff has filed a complaint of discrimination with the Equal Employment Opportunity Commission (EEOC). It appears that the EEOC has yet to conclude its investigation because it has not issued Plaintiff a Right to Sue Letter. (*Id.* at PageID.3.)

As the party seeking to invoke this Court's jurisdiction, Plaintiff has the burden of establishing standing under Article III of the constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). If a plaintiff cannot establish standing, the court must dismiss the matter for lack of subject matter jurisdiction. *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007). Because standing goes to a federal court's subject matter jurisdiction, a court may raise the issue *sua sponte*. *Id.*; *see also CMS N. Am., Inc. v. De Lorenzo Marble & Tile, Inc.*, 521 F. Supp. 2d 619, 632 (W.D. Mich. 2007).

The test for Article III standing is well known. To be entitled to sue in federal court, a plaintiff must have suffered some actual or threatened injury due to the alleged illegal conduct of the defendant; the injury must be "fairly traceable" to the challenged action; and there must be a substantial likelihood that the relief requested will redress or prevent the plaintiff's injury. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464,

472 (1982). When declaratory relief is sought, the scope of standing is more limited. That is, "allegations of past injury alone are not sufficient to confer standing." *Feiger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006). Instead, "[t]he plaintiff must allege and/or 'demonstrate actual present harm or a significant possibility of future harm.'" *Id.* (quoting *Peoples Rights Org., Inc. v. City of Columbus*, 152 F.3d 522, 527 (6th Cir. 1998)). This is because the purpose of declaratory relief is "the clarification of legal duties for the future, rather than the past harm a coercive tort action is aimed at redressing." *AmSouth Bank v. Dale*, 386 F.3d 763, 786 (6th Cir. 2004).

Here, Plaintiff lacks standing to request a declaratory judgment. She alleges only past harm—she was terminated from her employment based on unlawful retaliation or discrimination. Plaintiff is no longer employed by SKLD Beltline, and she fails to allege facts implying actual present harm or a significant possibility of future harm. *See Ratte v. Corrigan*, 989 F. Supp. 2d 565, 568 (E.D. Mich. 2013) (holding that the plaintiffs lacked standing to seek declaratory relief based on allegations of past injury alone). Plaintiff has an adequate legal remedy in the form of a coercive action for retaliation or discrimination, which she may pursue once she has exhausted her administrative remedies with the EEOC and received her Right to Sue Letter. However, her present action for a declaratory judgment is subject to dismissal without prejudice because she lacks Article III standing. *See Spencer v. City of Hendersonville*, 487 F. Supp. 3d 661, 677 (M.D. Tenn. 2020) ("It is clear in this case that the only thing the plaintiff has to gain in obtaining the requested declaratory relief is moral satisfaction, which is not a sufficient basis for a declaration under [28 U.S.C.] § 2201.").

## CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's action for a declaratory judgment be **dismissed without prejudice** for lack of Article III standing.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: July 18, 2022    /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).